IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOHN WILSON, SR., ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case No. 21-cv-66-DWD |
| ) | |
| ERIC WILLIAMS, ) | |
| FEDERAL BUREAU OF PRISONS, ) | |
| and ) | |
| UNITED STATES ATTORNEY ) | |
| GENERAL, ) | |
| ) | |
| Respondents. ) | |

## MEMORANDUM & ORDER

**DUGAN, District Judge:**

On January 19, 2021, Petitioner John Wilson, Sr. filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Wilson requests that a writ issue to direct the Bureau of Prisons to recalculate his security level classification. Respondent Eric Williams was ordered to respond to the petition. In his response, Williams argues that security classifications cannot be challenged through a § 2241 petition, and the Court agrees.

A § 2241 petition by a federal prisoner generally is the proper vehicle for challenges to the execution of a sentence. *See Valona v. United States*, 138 F.3d 693, 694 (7th Cir. 1998). The Seventh Circuit has explained that a habeas corpus petition is proper "[i]f the prisoner is seeking what can fairly be described as a quantum change in the level of custody – whether outright freedom, or freedom subject to the limited reporting and financial constraints of bond or parole or probation … ." *Graham v. Broglin*, 922 F.2d 379, 381 (7th Cir. 1991). Changes in a prisoner's security level classification, however, cannot

be attacked through a § 2241 petition because they do not present an opportunity for a quantum change in the level of custody. *See Bunn v. Conley*, 309 F.3d 1002, 1008 (7th Cir. 2002); *Graham*, 922 F.2d at 381; *Pischke v. Litscher*, 178 F.3d 497, 499 (7th Cir. 1999)(noting that a quantum change in custody involves "seeking to 'get out' of custody in a meaningful sense").

Here, petitioner seeks to reduce the number of points assigned to him through the security level classification system. This claim is not cognizable through a § 2241 petition and must be dismissed. Accordingly, the petition for writ of habeas corpus is **DISMISSED without prejudice**. The Clerk of Court shall enter judgment reflecting the dismissal and shall close this case.

    **SO ORDERED.**

    Dated: March 26, 2021

_____
DAVID W. DUGAN
United States District Judge